IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                No. Cr. 05-1603 LH

STEVE CERNO,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

On May 1, 2006, Defendant Steve Cerno, through his attorney Alonzo J. Padilla, filed a Motion in Limine (Doc. No. 29) seeking to exclude evidence under Federal Rule of Evidence 403. Defendant seeks to exclude four x-rated videotapes found in Defendant's bedroom closet as well as testimony that Defendant was observed asleep, with his pants down, in front of the television while it was playing an x-rated video when his family arrived from a wake late one evening. The United States filed its response (Doc. No. 40) on August 30, 2006. Having considered the parties' arguments, briefs, and the relevant law, and being otherwise fully advised, the Court finds that Defendant's motion in limine should be granted.

**I.      BACKGROUND**

On July 27, 2005, Defendant was indicted in a seven-count Indictment for various acts of aggravated sexual abuse and aggravated sexual contact with Jane Doe, a female Indian. According to the Indictment, the alleged acts occurred on or between March 1, 2005, and March 31, 2005; on or between March 1, 2005, and April 30, 2005; and on or between April 1, 2005, and April 30, 2005.

The United States intends to present evidence at trial of four x-rated videotapes containing

adult pornographic scenes found in Defendant's bedroom closet.  The United States also intends to present the testimony of Jane Doe, the victim in this case, in which she observed pornographic movies in a box in Defendant's closet which disturbed her and prompted her to report to a family member that she thought Defendant was a pervert.  The United States argues that introduction of the pornographic videotapes is relevant evidence to corroborate the victim's testimony, the credibility of which is a central issue in the case.

Additionally, the United States wishes to introduce testimony that "one time" after the victim and other family members returned home from a wake, they walked into the living room and observed Defendant passed out drunk with his penis exposed from his pants while a pornographic videotape was playing.  Jane Doe also intends to testify that she found the association between Defendant and the pornographic videotapes disgusting.  The United States contends that this testimony is relevant to show that Defendant disgusted the victim and that she actively attempted to physically reject him, which will help prove the element of use of force necessary to prove Aggravated Sexual Abuse under 18 U.S.C. § 2241(a).

**II.    DISCUSSION**

Federal Rule of Evidence 403 provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."

The evidence that Defendant possessed pornographic tapes, watched them, and one time passed out drunk while watching such a tape with his penis exposed is certainly prejudicial as it could divert the jury's attention away from the question of Defendant's responsibility for the crimes charged to the improper question of Defendant's bad character.  The Court finds that this

evidence is of an inflammatory nature that could unfairly prejudice the jury against Defendant.

Moreover, the evidence has only slight probative value to the question of Defendant's guilt of the charged crimes. The victim did not observe the videotapes during the course of the crimes in question nor is it alleged that Defendant used the videotapes at any time to try to entice Jane Doe to commit any of the alleged sexual acts. The videotapes are also of adult pornographic scenes and there is no allegation that the videotapes contain child pornography. In addition, there is no evidence that the incident in which Jane Doe and other family members observed Defendant watching a pornographic tape, passed out drunk with his genitalia exposed, was close in time or otherwise connected to the alleged sexual abuse committed against the victim. That the evidence may corroborate the victim's memory is of tenuous probative value since her memory of the pornographic materials is not linked in time to the events at issue.

The Court also finds that the evidence of Defendant's proclivity for pornography has minimal relevance to the issue of whether Defendant used force against her. Watching adult pornographic videos does not necessarily show a propensity to commit sexual abuse. Although the fact that the victim found Defendant disgusting and attempted to physically reject him is certainly relevant to the issue of use of force, one of the reasons for her disgust – his adult pornographic activities – is far less relevant to whether or not she attempted to resist Defendant's advances at the time of the events at issue.

Accordingly, after carefully balancing the competing interests, the Court concludes that the probative value of this evidence and testimony is substantially outweighed by the danger of unfair prejudice under Rule 403.

**IT IS THEREFORE ORDERED** that Defendant's Motion in Limine (Doc. No. 29) is **GRANTED**.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**