IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                              No. Cr. 05-1603 LH

STEVE CERNO,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

On September 27, 2006, Defendant Steve Cerno filed a Motion for Judgment of Acquittal or in the Alternative, Motion for a New Trial (Doc. No. 57). Defendant asserts that the United States failed to present sufficient evidence to sustain Defendant's conviction for the crimes of aggravated sexual abuse as charged in Counts 1 through 5 of the Indictment. In the alternative, Defendant requests a new trial based on the alleged error of admitting into evidence testimony regarding an incident in which Defendant was passed out drunk with his penis exposed while a pornographic videotape was playing on the television (hereinafter "the exposure testimony"). This Court, having considered the briefs, evidence, and applicable law, concludes that Defendant's motion should be denied in its entirety.

**I.      BACKGROUND**

On July 27, 2005, Defendant was indicted in a seven-count Indictment for various acts of aggravated sexual abuse and abusive sexual contact with Jane Doe, a female Indian. Counts 1 through 5 alleged acts of aggravated sexual abuse in violation of 18 U.S.C. § 2241(a) that occurred on or between March 1, 2005, and March 31, 2005; on or between March 1, 2005, and April 30, 2005; and on or between April 1, 2005, and April 30, 2005. The sexual acts alleged in

Counts 1 through 5 consisted of contact between the defendant's mouth and the victim's vulva, and penetration of Defendant's finger into the victim's genital opening.  Counts 6 and 7 alleged that Defendant engaged in abusive sexual contact with the victim in violation of 18 U.S.C. § 2244(a)(1) on or between April 1, 2005, and April 30, 2005.  The sexual contact alleged in Count 6 consisted of Defendant intentionally having the victim touch his penis, either directly or through clothing.  The sexual contact alleged in Count 7 consisted of Defendant intentionally biting, either directly or through clothing, the victim's breast.

Defendant was tried by a jury on September 18-20, 2006.  The jury convicted Defendant of Counts 1 through 5, the aggravated sexual abuse counts.  The jury, however, acquitted Defendant of Counts 6 and 7, the abusive sexual contact charges.  On September 27, 2006, Defendant timely filed a Motion for Judgment of Acquittal, or in the Alternative, Motion for a New Trial (Doc. No. 57).  Defendant argues that he is entitled to a judgment of acquittal because there was insufficient evidence presented to support the verdict, particularly as to the element of the use of force by Defendant.  In addition, Defendant asserts that the victim's testimony was so contrary to the physical evidence and to common sense that it cannot support the verdict. Defendant also contends that the verdict was inconsistent and demonstrates that the jury did not believe the victim entirely, which casts doubt on the jury's ability to impartially decide the case. Defendant alternatively asserts that he is entitled to a new trial in the interest of justice and due to the Court's error in admitting the exposure testimony.

## II.      DISCUSSION

### A.      Motion for Judgment of Acquittal

Rule 29 of the Federal Rules of Criminal Procedure provides that, on a defendant's

motion for judgment of acquittal, a court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). In reviewing the sufficiency of the evidence, the court must ask whether, taking the evidence, together with the reasonable inferences to be drawn therefrom, in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt. *United States v. McCullough*, 457 F.3d 1150, 1159 (10th Cir. 2006).

### 1.      Sufficiency of the Evidence

The only particular element that Defendant argues was not proven beyond a reasonable doubt is the use of force. Defendant contends that the evidence indicates that "if any sex occurred, which Mr. Cerno denies, it was consensual in nature and not the result of any force used or any threats made to the victim." Def.'s Mot. at 5. Section 2241(a) of Title 18 of the United States Code makes it a crime to knowingly cause another person to engage in a sexual act "by using force against that other person." 18 U.S.C. § 2241(a)(1). The element of force may be proven by showing that the defendant used physical force sufficient to overcome, restrain, or injure the victim. *See United States v. Reyes Pena*, 216 F.3d 1204, 1211 (10th Cir. 2000); *United States v. Buckley*, 195 F.3d 1034, 1035 (8th Cir. 1999); *United States v. Yazzie*, 153 F.3d 730, *3 (10th Cir. May 27, 1998) (unpublished decision). "The force requirement is satisfied if the 'sexual contact resulted from a restraint upon the other person that was sufficient that the other person could not escape the sexual contact.'" *Yazzie*, 153 F.3d at *3 (quoting *United States v. Weekley*, 130 F.3d 747, 754 (6th Cir. 1997) (quoting *United States v. Lauck*, 905 F.2d 15, 18 (2d Cir. 1990))). Force may be inferred from such facts as disparity in size or disparity in coercive power between the victim and the defendant. *See Reyes Pena*, 216 F.3d at 1211.

The jury was properly instructed on the elements of aggravated sexual abuse and found that the element of use of force was met.  The Court finds that the government provided sufficient evidence to prove the element.  The victim testified that in March 2005, Defendant, the victim's uncle, began touching her.  Tr. 191, 193-94.  The victim was 16 years old at the time. *See id.* at 185.  Defendant pulled down her pants and underwear.  *Id.* at 193-94.  She said that she told him to stop and to leave her alone, *id.* at 194, and that she leaned away from him, but that "it was hard because the bed was like against the wall," *id.* at 193.  The victim testified that she tried to push herself away from him and was kicking her legs, but that it did not work because she was "powerless."  *Id.* at 194.  Defendant continued to try to touch her, while she tried to keep her legs closed.  *Id.* at 194-95.  The victim expressly stated that "he like forced my legs open, and that's when he like got down on his knees and began like touching me."  *Id.*  Defendant proceeded to lick her vagina and put his fingers inside her vagina.  *Id.* at 195.  When specifically asked if she used any strength to try to keep her legs together, the victim stated, "Yes.  But I felt like so powerless, like I couldn't do anything.  I just felt like I lost all my strength."  *Id.*  She said that Defendant used his hands to get her legs open and that it did not feel good.  *Id.*

The victim then testified that a week later Defendant did the same thing.  *Id.* at 195-96. She said that she told him to leave her alone, to stop, and that it was not right.  *Id.* at 196. Defendant, however, touched her, licked her again, and put his fingers inside her again.  *Id.*  She testified that she tried to get him to stop by "pushing him, like trying to push him away," but that it did not work because "he was stronger than [her]."  *Id.*

The victim further testified that in late April 2005 Defendant came into her room again, put his hand up her shirt, and began touching her breasts.  *Id.* at 199.  The victim told him to

4

leave her alone, but he continued.  *Id.*  He pushed her bra up and her bra snapped, breaking the bra.  *Id.*  She stated that she was crying, but he continued to lick her breast.  *Id.* at 200.  She stated that he put his mouth on her vagina again.  *Id.*

On cross-examination, defense counsel asked whether it was "a fair statement to say that when these alleged incidents were taking place, that there was no force involved."  *Id.* at 240.  The victim responded, "No, I would not say that."  *Id.*  The victim admitted that she was never hit, "but he did force my legs open."  *Id.*

The Court finds that the record demonstrates that Defendant used physical force to overcome and restrain the victim.  The Court therefore concludes that the evidence was sufficient to prove that Defendant used force against the victim when causing her to engage in the sexual acts described in Counts 1 through 5 of the Indictment.  *Cf. Reyes Pena*, 216 F.3d at 1207, 1211 (court did not err in holding that there was sufficient evidence to show use of force where victim was minor and defendant grabbed her arm, made her lay next to him, and penetrated her vagina digitally while she attempted to evade him by sliding into crack of bed and where victim tried to kick and push defendant away when he assaulted her but he would push her against wall); *Buckley*, 195 F.3d at 1035 (holding that element of force to show violation of 18 U.S.C. § 2241(a)(1) proven where victim testified that defendant removed her clothing, got on top of her, had intercourse with her, causing pain and bleeding, where she indicated she wanted him to stop and attempted to push him off her, but was unable to do so because of his size); *United States v. Fulton*, 987 F.2d 631, 633 (9th Cir. 1993) (use of force element within meaning of 18 U.S.C. § 2241(a)(1) met where evidence showed defendant used force sufficient to overcome or restrain victim:  young victim testified that defendant pushed her on floor or bed; defendant

5

would force her to lie down while he touched her private parts; victim tried to push defendant away but he was stronger than her; and defendant would grab her, hold her down, remove her pants, and place his fingers inside her vaginal cavity).

Furthermore, the Court finds unavailing Defendant's arguments that the victim's testimony was not credible and thus was not sufficient to support the verdict.  In determining whether a motion for acquittal should be granted or not, courts should not weigh conflicting evidence or evaluate witness credibility because those are "the exclusive province of the jury." *United States v. Dazey*, 403 F.3d 1147, 1159 (10th Cir. 2005).  Decisions regarding the credibility of witnesses are to be resolved in favor of the jury's verdict.  *United States v. Gabe*, 237 F.3d 954, 961 (8th Cir. 2001).  Moreover, a victim's testimony alone may be sufficient to persuade a reasonable jury of the defendant's guilt beyond a reasonable doubt.  *Id.*  Such was the case here.  Defendant challenged the victim's credibility at trial, but those challenges failed.  The jury had an opportunity to weigh both Defendant's and the victim's accounts of what occurred, and the jury found the victim to be credible.  Based on the totality of the evidence, the Court concludes that the evidence, viewed in the light most favorable to the government, was sufficient to satisfy all the elements necessary to convict Defendant of Counts 1 through 5 such that a reasonable jury could have found Defendant guilty beyond a reasonable doubt of Counts 1 through 5.  *Cf. Gabe*, 237 F.3d at 961 (verdict not against weight of evidence because victim's testimony alone was sufficient to support conviction).

### 2.    Inconsistent Verdicts

Defendant also argues that the jury's verdicts in Counts 1 through 5 must be overturned because the guilty verdicts were inconsistent with its non-guilty verdicts in Counts 6 and 7.

Defendant contends that the inconsistent verdicts indicate that the jury did not believe all of the victim's testimony and must have believed some of Defendant's testimony.  The Court rejects Defendant's argument.

It is well established that "consistency in verdicts is not required."  *United States v. Jaynes*, 75 F.3d 1493, 1508 (10th Cir. 1996) (upholding conspiracy conviction despite defendant's acquittal of aiding and abetting substantive offenses).  "This rule has been explained 'as a recognition of the jury's historic function, in criminal trials, as a check against arbitrary or oppressive exercises of power by the Executive Branch.'"  *Id.* at 1508-09 (quoting *United States v. Powell*, 469 U.S. 57, 65 (1984)).  A jury may have properly reached its conclusion of the defendant's guilt on one offense, and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion on the other offense.  *Powell*, 469 U.S. at 65.  Because the inconsistency may be the result of lenity and the government cannot invoke review, the Supreme Court ruled that inconsistent verdicts are not reviewable.  *See id.* at 66-67.  The Supreme Court determined that a criminal defendant is already protected from jury irrationality by the independent review of the sufficiency of evidence undertaken by the trial and appellate courts.  *Id.* at 67.  Thus, whether or not a verdict is inconsistent, a court must uphold a defendant's conviction if there was sufficient evidence to support a guilty verdict on the charge for which the defendant was convicted.  *See Jaynes*, 75 F.3d at 1509.  Accordingly, the Court's review of the sufficiency of the evidence as to Counts 1 through 5 would "be independent of the jury's determination that evidence on [Counts 6 and/or 7] was insufficient."  *Powell*, 469 U.S. at 67.

For the foregoing reasons, the Court declines to examine whether the verdicts in this matter were inconsistent.  Because the Court has already determined that there was sufficient

evidence to support the jury's guilty verdicts for Counts 1 through 5, Defendant's motion for acquittal must be denied.

**B.     Motion for New Trial**

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  In deciding a motion for new trial, a court should weigh the evidence and consider the credibility of witnesses in determining whether the verdict is contrary to the weight of the evidence such that a miscarriage of justice may have occurred.  *United States v. Evans*, 42 F.3d 586, 593 (10th Cir. 1994).  "Although a trial court is afforded discretion in ruling on such a motion, and is free to weigh the evidence and assess witness credibility, a motion for new trial is regarded with disfavor and should only be granted with great caution."  *United States v. Quintanilla*, 193 F.3d 1139, 1146 (10th Cir. 1999) (internal citation omitted).

Defendant offers two grounds in support of his request for a new trial.  First, Defendant argues that he is entitled to a new trial because the jury's verdict was against the weight of the evidence.  The Court disagrees.  The Court finds that the victim's testimony in this case was credible and, thus, concludes that there was sufficient evidence to support the jury's verdict as to Counts 1 through 5.  *Cf. Gabe*, 237 F.3d at 961.

Second, Defendant asserts that the Court erred in ultimately admitting into evidence testimony that the victim and two other people returned home from a wake one evening to find Defendant passed out, with his penis exposed, while a pornographic videotape played on the television.  Defendant contends that this evidence was highly prejudicial and that the admission of the testimony into evidence prevented him from receiving a fair trial.

8

On May 1, 2006, Defendant filed a Motion in Limine (Doc. No. 29), seeking to exclude under Federal Rule of Evidence 403 four x-rated videotapes found in Defendant's bedroom closet as well as the exposure testimony. Federal Rule of Evidence 403 provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." On September 11, 2006, the Court, in a Memorandum Opinion and Order (Doc. No. 43), granted the motion in limine after concluding that the slight probative value of the evidence was substantially outweighed by the danger of unfair prejudice.

During the trial, towards the end of defense counsel's cross-examination of the victim, the government asked the Court to reconsider its ruling on the motion in limine. *See* Tr. 242-46. At that time, the Court denied the government's motion to reconsider its ruling excluding the evidence. *See id.* at 246, 261. The Court did not reverse its decision until near the completion of Defendant's testimony on cross-examination. *See id.* at 376. It was only after Defendant had testified and opened the door to the disputed testimony that the Court determined that the probative impeachment value of the evidence outweighed the danger of unfair prejudice. *Cf. United States v. Burch*, 153 F.3d 1140, 1144 (10th Cir. 1998) (admission of rebuttal evidence to impeach credibility of witness is within sound discretion of district court).

The Court ultimately determined that Defendant's testimony representing himself as a benign drunk whose drinking did not impair his judgment made the exposure testimony relevant for impeachment purposes. The victim testified that her relationship with Defendant changed, "after he came back from rehab and he started drinking again." Tr. 191. Defendant admitted to being an alcoholic and to drinking alcohol almost every day during the time that the victim lived

with his mother and him.  *See id.* at 321-22.  Defendant, however, testified that we would generally "drink and not do anything."  *Id.* at 338.  He also testified that "when [he] drank, [he] really didn't want to go home because [he] would rather be out with [his] friends or [his] relatives back in McCarty, where [he] was drinking."  *Id.* at 344.  Defendant further stated:  "And when I drank, all it did – all I wanted to do was – it just got me in a lazy mood.  All I wanted to do was sit down and just leave me alone and drink.  Well, if I passed out, well, I passed out. . . . So I would sit there, and the alcohol would just make me relax and just want to sit there and not do anything."  *Id.* at 345.  Defendant also stated that drinking beer never impaired his judgment to the point that he did not know what he was doing.  *Id.* at 362.  He testified that his drinking had not yet reached the point where it impaired his judgment.  *Id.* at 373.

The Court found, following the completion of the government's cross-examination of Defendant, that there was significant probative value for impeachment purposes of the testimony regarding Defendant passed out drunk, exposed, in front of a pornographic video playing on the television.  The testimony at issue impeaches Defendant's claims that drinking did not impair his judgment and that he knew what he was doing when he drank.  The testimony also impeaches Defendant's statements that he would sit down and not do anything when drinking.  The challenged testimony indicates that Defendant, when drinking, did engage in activities of a sexual nature, contrary to what his testimony represented.  The Court therefore concluded that the Rule 403 balancing weighed in favor of admitting the evidence because the exposure testimony had significant probative impeachment value that was not outweighed by its potential for unfair prejudice.  After reviewing the briefs and the evidence, the Court continues to find that the Rule 403 balancing weighed in favor of admitting the exposure testimony and determines that it did

not err in allowing the government to impeach Defendant regarding the exposure incident.[1]

Defendant additionally argues that the Court refused to make a record at the bench conference of the reasons for its admitting the exposure testimony into evidence. The record clearly shows, however, that the Court gave its reasons: "I've concluded that there is significant value in impeaching – probative value in impeaching the defendant by the incident that has been described in the motion in limine. . . it's impeachment only." Tr. 376. When asked by defense counsel to explain what Defendant said that opened the door to the evidence, the Court responded, "Well, he said he was completely in control of his senses, he didn't lose his judgment. That much is clear, that he lost it then." *Id.* The Court further explained, "[Defendant] denies that his judgment was impaired, and I submit that that occasion flies in the face of his denial of losing judgment. And I'm going to limit the extent of the cross-examination with respect to that to the extent that I've described." *Id.* at 377. The Court also gave defense counsel adequate opportunity to make his own record. *See id.* at 377-80. The Court held three separate bench conferences on the issue during each of which defense counsel argued his position.

Defendant also asserts that he was not given a fair trial because defense counsel was denied the opportunity to cross-examine the victim regarding the exposure incident. The challenged evidence, however, was admitted only for the limited purpose of impeaching Defendant. Defense counsel had the opportunity in re-direct to question Defendant about the

---

[1]The Court notes that it did not reverse its exclusion of the pornographic videotapes found in Defendant's closet, admitting only the exposure testimony. When the government resumed its cross-examination, it asked Defendant only about the exposure testimony and used it to impeach Defendant's statements that drinking did not impair his judgment. *See* Tr. 380-82. The government did not discuss the additional pornographic videotapes later found in Defendant's closet. *See id.* The videotapes were never admitted into evidence, although Defendant alluded to them during defense counsel's redirect. *See id.* at 384-85.

incident.  Moreover, defense counsel never requested to re-call the victim in the case.

Finally, Defendant argues that he was prejudiced by the admission because defense counsel would have taken the time to view the videotape.  Defense counsel, however, knew of the videotapes and their potential relevance prior to trial and could have viewed them before trial. The Court did not prevent defense counsel from reviewing the evidence.  In any event, the exposure testimony was admitted for its impeachment value only, and again, defense counsel had the opportunity to question Defendant concerning the incident.

In sum, the Court finds that the Rule 403 balancing weighed in favor of admitting the exposure testimony for impeachment purposes and that the admission of the testimony was not so prejudicial as to deny Defendant a right to a fair trial.  The interests of justice do not require a new trial in this matter.  Accordingly, Defendant's motion for new trial should be denied.


**IT IS THEREFORE ORDERED** that Defendant's Motion for Judgment of Acquittal or in the Alternative, Motion for a New Trial (Doc. No. 57) is **DENIED** in its entirety.


**SENIOR UNITED STATES DISTRICT JUDGE**